**Saul MARTINEZ–MORALES; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–72618.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed May 3, 2007.

Saul Martinez–Morales, San Jose, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Rocio Martinez–Pedroza, San Jose, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Kristin K. Edison, Esq., Darlin R. Holyoak, U.S. Department of Justice Civil Division, Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Saul Martinez–Morales and his wife, Rocio Martinez–Pedroza, petition pro se for review of the Board of Immigration Appeals' order affirming the Immigration Judge's ("IJ") decision denying their applications for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *see Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

Petitioners' contention that the IJ violated their due process rights by disregarding their evidence of hardship is not supported by the record and does not amount to a colorable constitutional claim. *See*

*Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

Petitioners contend the IJ violated due process by exhibiting bias. Contrary to petitioners' contention, the proceedings were not "so fundamentally unfair that they were prevented from reasonably presenting their case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

